IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL SCOTT THOMAS, ELECTOR FOR THE STATE OF CALIFORNIA, WHO IS NOMINATED TO VOTE IN THE ELECTORAL COLLEGE AND IS PLEDGED TO VOTE FOR CANDIDATE ALAN KEYES FOR PRESIDENT OF THE UNITED STATES; et al., <br><br>        Plaintiffs, <br><br>vs. <br><br>DELBERT HOSEMANN, <br><br>        Defendant, <br><br>vs. <br><br>STATE OF HAWAII, DEPARTMENT OF HEALTH, OFFICE OF HEALTH STATUS MONITORING <br><br>        Third Party. | MISC. NO. 08-00280 JMS/KSC <br><br>ORDER STAYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY THE STATE OF HAWAII, DEPARTMENT OF HEALTH, OFFICE OF HEALTH STATUS MONITORING IS NOT IN CONTEMPT OF COURT FOR DISOBEYING A VALIDLY ISSUED AND SERVED SUBPOENA DUCES TECUM |

**ORDER STAYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY THE STATE OF HAWAII, DEPARTMENT OF HEALTH, OFFICE OF HEALTH STATUS MONITORING IS NOT IN CONTEMPT OF COURT FOR DISOBEYING A VALIDLY ISSUED AND SERVED SUBPOENA DUCES TECUM**

On December 2, 2008, Plaintiffs filed their "Motion for Order to Show Cause Why the State of Hawaii, Department of Health, Office of Health Status Monitoring Is Not in Contempt of Court for Disobeying a Validly Issued and Served Subpoena Duces Tecum" ("Motion for OSC"). Plaintiffs issued this Subpoena Duces Tecum to the State of Hawaii, Department of Health, Office of Health Status Monitoring ("DOH") as part of discovery in an action filed in the Southern District of Mississippi, *Thomas et al. v. Hosemann*, Civil No. 08-00241 (the "Underlying Action"). In the Underlying Action, Plaintiffs, who are electors for the office of President of the United States, question whether President-Elect Barack Obama is a "natural born" citizen as required by Article II of the Constitution and seek access to his Hawaii birth certificate. *See* Underlying Action, Doc. No. 1. Based on the following, the court STAYS Plaintiffs' Motion for OSC. This stay will be in effect until discovery resumes in the Underlying Action or the court in the Underlying Action determines that the discovery requested in Plaintiffs' Motion for OSC is relevant to Defendant's assertion of Eleventh Amendment immunity.

## **DISCUSSION**

Discovery in the Underlying Action is currently stayed pursuant to a December 4, 2008 Order Staying Discovery Pursuant to Local Rule 16.1(B)(4)

("December 4 Order"). United States Magistrate Judge Michael T. Parker entered the December 4 Order due to Defendant Delbert Hosemann's Motion to Dismiss which argues, among other things, that Defendant is entitled to Eleventh Amendment immunity. Underlying Action, Doc. No. 20. The December 4 Order states that "all discovery in this matter not relevant to the issue of Eleventh Amendment Immunity is hereby stayed, including the making of any further disclosures by any party, all pending this Court's ruling on Defendant's Motion to Dismiss." *See* Underlying Action, Doc. No. 20.

Given the December 4 Order, the court ordered Plaintiffs to show cause why their Motion for OSC is not moot. On December 5, 2008, Plaintiffs filed a Response, arguing that: (1) as a matter of timing, Plaintiffs' Motion for OSC is relevant even after deadlines regarding the electors pass and Mr. Obama is sworn in as President of the United States; and (2) Plaintiffs' Motion for OSC is related to Eleventh Amendment immunity and is therefore not stayed by the December 4 Order. Both of these arguments lack merit.

Regarding the first argument, the relevant issue at this point is not the timing of discovery as it relates to the deadlines relevant for Mr. Obama to take

office,[1] but whether the December 4 Order stays the discovery requested by Plaintiffs in their Motion for OSC.  Regardless of any deadlines external to the Underlying Action, this court will not disturb the December 4 Order staying discovery.

Turning to Plaintiffs' second argument, Plaintiffs ask the court to find that the subpoenaed records are relevant to Defendant's assertion of Eleventh Amendment immunity such that the December 4 Order does not stay this discovery.  *See* Pls.' Resp. 3.  Determining the merit of this argument would require the court to construe the scope of Plaintiffs' claims and engage the parties' arguments regarding Eleventh Amendment immunity.  These issues, however, are already properly before the court in the Underlying Action and therefore it is for the court in the Underlying Action to determine whether Plaintiffs' requested discovery is stayed pursuant to the December 4 Order.

Accordingly, Plaintiffs are not entitled to the discovery they seek in their Motion for OSC at this time.  The court will reconsider Plaintiffs' Motion for

---

[1] Plaintiffs refer to the expedited nature of their Motion for OSC due to the upcoming deadlines for electors, *see* Pls.' Resp. 3 (stating that their Motion for OSC requests that the court "quickly resolve Plaintiffs' OSC before the December 9, 2008 deadline for the Electors to resolve all objections to the electoral voting to take place December 15, 2008"), but Plaintiffs filed no Motion to Shorten Time.  The court also notes that Plaintiffs' Motion for OSC appears to be premature because they never filed a motion to compel DOH to comply with the subpoena duces tecum.  Construing Plaintiffs' Motion for OSC as a motion to compel would not change the court's analysis.

OSC, however, if and when the court in the Underlying Action determines that the discovery requested by Plaintiffs' Motion for OSC is relevant to Eleventh Amendment immunity, or that Defendant is not entitled to Eleventh Amendment immunity and lifts the stay.

## **CONCLUSION**

For the reasons discussed above, the court STAYS Plaintiffs' Motion for OSC.  Plaintiffs are directed to notify the court within seven days of any of the following events: (1) discovery in the Underlying Action resumes; (2) the court in the Underlying Action determines that the discovery requested in Plaintiffs' Motion for OSC is relevant to Eleventh Amendment immunity; (3) the Underlying Action is dismissed; or (4) Plaintiffs no longer seek to compel compliance with the subpoena.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 10, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Thomas et al. v. Hosemann v. State of Hawaii, Dep't of Health, Office of Health Status Monitoring*, Misc. No. 08-00280 JMS/KSC, Order Staying Plaintiffs' Motion for Order to Show Cause Why the State of Hawaii, Department of Health, Office of Health Status Monitoring Is Not in Contempt of Court for Disobeying a Validly Issued and Served Subpoena Duces Tecum